UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NORTHWEST ADMINISTRATORS, INC., <br><br> Plaintiff, <br><br> v. <br><br> US PARKING, INC., <br><br> Defendant. _____/ | No. C-09-2142 PJH (JCS) <br><br> **REPORT AND RECOMMENDATION RE PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AND ATTORNEYS' FEES [Docket No. 20]** |

## I.  INTRODUCTION

In this enforcement action brought under the Employee Retirement Income Security Act ("ERISA"), Plaintiff brings a Motion for Default Judgment and Attorneys' Fees ("the Motion") seeking entry of default judgment, an award of unpaid employee fringe benefit contributions, liquidated damages, interest, attorneys' fees and costs.  On February 5, 2010, the Court held a hearing on the Motion at which Plaintiff appeared and Defendant did not.  Having considered the Motion, the accompanying submissions and all other evidence of record, the Court recommends that the Motion be GRANTED and that Plaintiff be awarded $59,829.78 for the reasons stated below.

## II.  BACKGROUND

Plaintiff is the administrator of the Western Conference of Teamsters Pension Trust Fund, ("the Trust Fund"), acting on behalf of the trustees of the Trust Fund.  Compl., ¶ 2.  The Trust Fund is organized pursuant to Section 302 of the Labor Management Relations Act, 29 U.S.C. § 186(c).  *Id*.  Plaintiff alleges that Defendant U.S. Parking, Inc., a California corporation, is bound by a written collective bargaining agreement ("the Collective Bargaining Agreement") with the

1

Teamsters Local Union No. 665 and that, under the Collective Bargaining Agreement, Defendant was required to make regular contributions to the Trust Fund on behalf of its employees. *Id.*, ¶ 4; *see also* Pentz Decl., Ex. 2 (Employer-Union Pension Certification that certifies the effectiveness of the Collective Bargaining Agreement and binds Defendant to terms of the Western Conference of Teamsters Agreement and Declaration of Trust and Pension Plan ("the Trust Agreement")).

Under the Trust Agreement, an employer is required to submit monthly reports listing work performed by covered employees, as well as the pension benefit contributions due. Pentz Decl., Ex. 3, Art. IV, § 1. Contributions are due on the tenth day of the following month and become delinquent after that date. *Id.* In the case of delinquent contributions, the Trust Agreement provides for interest and liquidated damages on the amount due and unpaid, plus an award of attorneys' fees and costs incurred in the collecting of delinquent contributions. *Id.*, § 3(b)(1)-(3). These amounts become due and payable on the tenth day following the date on which the trust administrator mails notice of the delinquency to the employer. *Id.*, § 3(c). Pursuant to the Trust Agreement, interest is fixed by the underpayment rate set forth in 26 U.S.C. § 6621 and liquidated damages are calculated at a rate of 20% of the contributions due and unpaid. *Id.*, § 3(b)(1) & (2), (d).

In the Complaint, Plaintiff alleged that Defendant has failed to make required contributions in a timely manner under the Trust Agreement since February 1, 2009. Compl., ¶ 7. Plaintiff further alleged that Defendant has received notice of the delinquencies. Compl., ¶ 8; Pentz Decl., Ex. 4 (notice of delinquency).

Plaintiff filed this action on May 15, 2009. Defendant did not appear and default was entered on December 11, 2009. Plaintiff now brings a default judgment motion, in which it seeks to recover the following amounts: (1) $47,087.89 in unpaid contributions[1]; (2) $15,752.37 in liquidated damages; (3) $1,694.81 in interest; (4) $720.00 in attorneys' fees; and (5) $400.00 in costs. *See* Andrade Decl., ¶ 6 & Ex. 5; Carroll Decl., ¶¶ 2, 5 & Ex. 7.

---

[1] The unpaid contributions that Plaintiff seeks to recover include employee benefit contributions for the months of February through May 2009 as well as unpaid pension contributions for employee Kasim Surel for the period of 2006 through 2008.

## III. ANALYSIS

### A. Entry of Default Judgment

Plaintiff moves for a default judgment in this action on the basis that Defendant has failed to appear after valid service. Pursuant to Rule 55(b)(2) of the Federal Rules, a court may enter a default judgment where, as here, the clerk, under Rule 55(a), has previously entered the party's default based upon a failure to plead or otherwise defend the action. Fed. R. Civ. P. 55; *see, e.g., Kloepping v. Fireman's Fund*, No. C 94-2684 TEH, 1996 WL 75314, at *2 (N.D. Cal. Feb. 13, 1996). A party's default does not automatically trigger a court-ordered default judgment; rather, the decision to grant or deny relief is "left to the trial court's sound discretion." *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980); *see also Draper v. Coombs*, 792 F.2d 915, 924-25 (9th Cir. 1986) (affirming district court's denial of default judgment); *Lau Ah Yew v. Dulles*, 236 F.2d 415 (9th Cir. 1956) (same). The Ninth Circuit has held that a district court is free to consider a wide range of factors in exercising its discretion as to the entry of a default judgment, including:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules favoring decisions on the merits.

*Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

In considering the sufficiency of the complaint and the merits of the plaintiff's substantive claims, facts alleged in the complaint not relating to damages are deemed to be true upon default. *See* Fed. R. Civ. P. 8(d); *Geddes v. United Fin. Group*, 559 F.2d 557, 560 (9th Cir. 1977). However, a defendant is not held to admit facts that are not well-pleaded or are conclusions of law. *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975). As a result, where the allegations in a complaint are not "well-pleaded," liability is not established by virtue of the defendant's default and default judgment should not be entered with respect to those allegations. *See id*. Relief accompanying a default judgment is further constrained by the remedies sought in the complaint. Fed. R. Civ. Pro. 54(c) ("A judgment by default shall not be different in kind from, or exceed in amount, what is demanded in the pleadings."); *see, e.g., PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1175 (C.D. Cal. 2002).

Plaintiff brings this action under ERISA.  Under ERISA, a trustee is authorized to bring a civil enforcement action to recover unpaid contributions from an employer who is bound to make such contributions under a collective bargaining agreement. *See* 29 U.S.C. § 1132(a)(3) (authorizing fiduciary of employee benefit plan to bring a civil action to enforce provisions of ERISA); § 1145 (providing that "[e]very employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collective bargaining agreement shall . . . make such contributions"); § 1002(14) (defining fiduciary as including trustees).

In support of its ERISA claim, Plaintiff alleges that Defendant entered into the Collective Bargaining Agreement, requiring it to make contributions to the Trust Fund on behalf of its covered employees.  Compl., ¶ 4.  Plaintiff further alleges that Defendant failed to pay contributions while bound by the Collective Bargaining Agreement. *Id.*, ¶ 7.  These allegations state a valid claim under ERISA.  In addition, Plaintiff has supported the claim by providing copies of the Collective Bargaining Agreement, the Trust Agreement, the Employer-Union Pension Certification binding Defendant to the terms of Trust Agreement, the notice of delinquency that was sent to Defendant, and the Employer Contribution Reports for the months of February through May 2009. *See* Pentz Decl., Exs. 1-4; Andrade Decl., Ex. 6.  Based on the record before it, the Court concludes that default judgment should be entered against Defendant.

**B.     Requested Relief Under Section 1132(g)**

Once liability is established in a default situation, a plaintiff must then establish that the requested relief is appropriate. *Geddes*, 559 F.2d at 560.  Under ERISA, section 1132(g) provides for statutory damages where a multi-employer plan successfully sues under 29 U.S.C. § 1145: "Every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collective bargaining agreement shall . . . make such contributions in accordance with the terms and conditions of such plan or such agreement."  A plan that obtains judgment in its favor in an action for unpaid contributions under § 1145 is entitled to:

(A) the unpaid contributions,

(B) interest on the unpaid contributions

(C) an amount equal to the greater of–

4

>	(1) interest on the unpaid contributions, or
>
>	(2) liquidated damages provided for under the plan in an amount not in excess of 20 percent . . . of the amount determined by the court under subparagraph (A),
>
> (D) reasonable attorney's fees and costs of the action, to be paid by the defendant, and
>
> (E) such other legal or equitable relief as the court deems appropriate.

29 U.S.C. § 1132(g)(2).

### 1. Contributions

Defendants seek a total of $42,330.55 in unpaid contributions for the months of February through May 2009 and $4,757.34 in unpaid pension contributions for employee Kasim Surel for the period of 2006 through 2008. This request is supported by (1) a declaration by the manager of the trust fund delinquency collection department, Diane Andrade, (2) the Employer Contribution Reports that were submitted by Defendant for the relevant months, and (3) correspondence, supplemental billing and billing requests related to employee Kasim Surel's unpaid pension contributions. *See* Andrade Decl., Exs. 5 & 6. This evidence supports Plaintiff's request for unpaid contributions. However, the Complaint only alleges – and seeks relief for – Defendant's failure and refusal make contributions "in a timely manner since February 1, 2009." Compl., ¶¶ 7, 8, 11. The Complaint does not allege a failure and refusal by Defendant to sufficiently make pension contribution for Surel during the period of 2006 through 2008. This allegation appears only in the Motion and Andrade's accompanying declaration. *See* Motion at 2; Andrade Decl., ¶ 3 & Ex. 6. As relief accompanying a default judgment is constrained by the remedies sought in the complaint, Plaintiff should not be awarded the requested $4,757.34 in Surel's unpaid pension contributions. *See* Fed. R. Civ. Pro. 54(c). Instead, Plaintiff should be awarded only the requested $42,330.55 in unpaid contributions for the months of February through May 2009.

### 2. Liquidated Damages

Plaintiff seeks liquidated damages in the amount of $15,752.37, calculated for all late payments at a rate of 20%. *See* Andrade Decl., ¶ 4 & Ex. 5. Specifically, Plaintiff seeks $14,800.90 in liquidated damages for the unpaid contributions for the months of February through May 2009

5

1  and $951.47 in liquidated damages for Surel's unpaid pension contributions. *See id.* Plaintiff has
2  provided the relevant provision of the Trust Agreement (Art. IV, § 3) and has calculated the amount
3  of liquidated damages correctly. For the reasons discussed above, it is recommended that Plaintiff
4  be awarded only the $14,800.90 in liquidated damages requested for the unpaid contributions for the
5  months of February through May 2009 and not the liquidated damages requested for Surel's unpaid
6  pension contributions.

### 3. Interest

Plaintiff seeks an award of interest on the unpaid contributions in the amount of $1,694.81. *See* Andrade Decl., ¶ 5 & Ex. 5. Specifically, Plaintiff seeks $1,578.33 in interest for the unpaid contributions for the months of February through May 2009 and $116.48 in interest for Surel's unpaid pension contributions. *See id.* This amount is calculated using an interest rate of 4%, starting from the date each contribution became delinquent to the date paid or, if the contribution has not yet been paid, to March 3, 2010. *See id.* Plaintiff's calculation is consistent with the terms of the Trust Agreement, which specifies that interest shall be awarded at the annual underpayment rate under 26 U.S.C. § 6621 on the date the contribution became delinquent. During the relevant period, the annual underpayment rate ranged between 4% and 5%. *See* www.dol.gov/ebsa/calculator/a2underpaymentrates.html. For the reasons discussed above, it is recommended that Plaintiff be awarded only the $1,578.33 in interest requested for the unpaid contributions for the months of February through May 2009 and not the interest requested for Surel's unpaid pension contributions.

### 5. Attorneys' Fees and Costs

Having prevailed in this action for unpaid and late contributions, Plaintiff is also entitled to reasonable attorneys' fees and costs of the action. 29 U.S.C. § 1132(g)(2)(D).

#### a. Attorneys' Fees

In the Ninth Circuit, the starting point for determining reasonable fees is the calculation of the "lodestar," which is obtained by multiplying the number of hours reasonably expended on litigation by a reasonable hourly rate. *See Jordan v. Multnomah County*, 815 F.2d 1258, 1262 (9th Cir. 1987). In calculating the lodestar, the Court must determine a reasonable rate and a reasonable

number of hours for each attorney.  *Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1210 (9th Cir. 1986), *reh'g denied, amended on other grounds*, 808 F.2d 1373 (9th Cir. 1987).

Here, Plaintiff seeks $720.00 in attorneys' fees for 4 hours of work at a rate of $180.00/hour. *See* Carroll Decl., ¶ 5.  The Court finds both the rate and the time spent to be reasonable and recommends that Plaintiff's attorneys' fees be awarded in full.

### b. Costs

Plaintiff seeks $400.00 for the following costs incurred in prosecuting this action: (1) $350.00 for the Clerk's filing fee and (2) $50.00 for service of the complaint.  Carroll Decl., ¶ 2 & Ex. 7.  Under Civil Local Rule 54-3 ("Rule 54-3"), an award of costs may include the clerk's filing fee and fees for service of process "to the extent reasonably required and actually incurred."  The Court finds that the costs sought by Plaintiff were reasonably required and actually incurred.  Therefore, the Court recommends that these costs be awarded in full.

## IV. CONCLUSION

For the reasons stated above, Plaintiff's Motion should be GRANTED and default judgment should be entered against Defendant.  Plaintiff should be awarded $59,829.78, consisting of the following amounts: (1) $42,440.55 in unpaid contributions; (2) $14,800.90 in liquidated damages; (3) $1,578.33 in interest; (4) $720.00 in attorneys' fees; and (5) $400.00 in costs.

DATED:  April 2, 2010

JOSEPH C. SPERO
United States Magistrate Judge

7